## BURK *against* HOOVER.

### IN ERROR.

In an action for work done in finishing a house, it is competent to prove, to show that the house belonged to the plaintiff, and not the defendant, that the defendant bought the property, paid a part of the purchase money, *and declared at the time that the purchase was for the plaintiff,* if it be also proved that the plaintiff paid up the residue of the purchase money: this was evidence of confirmation of every thing that had been said or done at the time of the purchase as part of the *res gesta.*

Error to the District Court for the city and county of *Lancaster.*

It was an action of debt brought by *Martin Hoover,* the defendant in error, against *Peter Burk,* plaintiff in error, for carpenter's work done "in building and finishing a house in *Millerstown.*"—The defendant below in order to show that the house, in the finishing of which the work charged, was done, was the plaintiff's own property and not his, offered to prove, that the witness sold two lots of ground in *Millerstown, Lancaster* county, for twelve hundred pounds to *Peter Burk,* who paid him sixty pounds on account, and at the time, he *Burk,* "said he had bought them for the plaintiff, *Martin Hoover;*' that the said *Martin Hoover* paid the witness the balance of the consideration, as agreed upon by *Burk,* the defendant, on behalf of *Martin Hoover,* and the witness. The court received all the evidence so offered except that *Burk* "said he had bought them for the plaintiff, *Martin Hoover,*' this part of the offer the court rejected and upon exception by the defendant sealed a bill. The jury gave a verdict for the plaintiff.

Error was assigned in the rejection of the evidence mentioned in the bill of exceptions.

*Frazer* for the plaintiff in error, was stopped by the court.

*Champneys* for the defendant in error.

Per Curiam.—The bare declaration of the defendant that the house in the finishing of which the work charged was done, was the plaintiff's own property, and not that of the defendant, would not have been competent to discharge him; but it was otherwise when taken in connexion with the acts of confirmation of the plaintiff.—The offer was to prove that at the time of the sale to the defendant and payment of part of the purchase money, not only that he declared, the purchase was for the plaintiff, but that the plaintiff paid up the residue of the purchase money; and surely that was evidence of confirmation of every thing that had been said or done at the time of the purchase, as part of the *res gesta.* It ought therefore to have gone to the jury.

Judgment reversed and *venire de novo* awarded.